IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

DONALD FRANKS,

      Plaintiff,

v.

UNIFUND CCR PARTNERS,

      Defendant.

Civil Action No.

2:07 cv 352 - MEF

DEMAND FOR
JURY TRIAL

## COMPLAINT

This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* The plaintiff, Donald Franks, brings this action because the defendant, Unifund CCR Partners, filed a lawsuit against him and engaged in other actions seeking to recover money alleged to be due under a credit card account which Mr. Franks had never authorized or been a party to. Unifund had no evidence to support its claim against Mr. Franks, but it submitted to the court an affidavit from a Unifund employee who stated, falsely, under oath, that based on her "personal knowledge of the facts" Mr. Franks owed this debt.

Mr. Franks alleges that these actions of the defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* He seeks his actual damages, statutory damages, and his costs and attorney's fees in this action.

### Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and specifically under 15 U.S.C. §1692k(d) and under 28 U.S.C. §1331.

2. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b).

### Parties

3. The plaintiff, Donald Franks, is a citizen of the State of Alabama and resides in the city of Montgomery, Alabama.

4. The defendant, Unifund CCR Partners (hereafter, "Unifund") is a general partnership registered to do business under the laws of the State of Ohio. Unifund's principal place of business is located in Cincinnati, Ohio. Among other things, Unifund is engaged in the business of purchasing unpaid debts and then collecting the sums alleged to be due.

### Statement of Facts

5. On or about May 25, 2006, defendant Unifund filed a lawsuit against the plaintiff, Donald Franks, in the District Court for Montgomery County, Alabama. The lawsuit was assigned Case Number DV-2006-2075.

6. In its Complaint, Unifund claimed that Mr. Franks owed Unifund a total of $4,652.99 plus $22.94 in interest based on a cause of action for "account stated."

7. In support of its Complaint, Unifund filed with the court an affidavit purporting to have been signed by an authorized agent of Unifund named Angela Freckman.

8. In her affidavit, Ms. Freckman stated, under oath, that Mr. Franks owed Unifund the sum of $4,652.99 plus interest based on his use of a credit card.

9. In her affidavit, Ms. Freckman stated that she "has personal knowledge of the facts set forth herein."

10. In fact, Mr. Franks had never been a party to the credit card account which was the basis of Unifund's claim, and he had never authorized any person to establish or use such an account under his name.

11. Mr. Franks was served with Unifund's Complaint in the lawsuit it filed in the District Court on or about July 11, 2006.

12. Prior to being served with Unifund's Complaint in this lawsuit, Mr. Franks had not received any communication from Unifund or anyone acting on its behalf about the alleged unpaid credit card debt.

13. On or about July 18, 2006, Mr. Franks filed an Answer to Unifund's Complaint in which he denied any knowledge of or responsibility for the credit card account which was the basis of Unifund's claim.

14. In his Answer, Mr. Franks specifically disputed his responsibility for the credit card debt which was the basis of Unifund's claim and asked Unifund to provide him with any verification that might show that he actually owed the amounts claimed.

15. Unifund failed to provide Mr. Franks with appropriate verification showing that he did in fact owe the debt as claimed by Unifund.

16. On or about November 6, 2006, interrogatories and requests for the production of documents were served on counsel for Unifund.

17. Unifund never provided any responses to the discovery requests served by Mr.

Franks in the district court lawsuit.

18. During December 2006 and January 2007, counsel for Mr. Franks made several attempts to obtain the discovery responses from counsel for Unifund, without success.

19. By letter dated January 18, 2007, counsel for Unifund advised counsel for Mr. Franks that she had not been able to obtain the information requested and so she would be dismissing the lawsuit against Mr. Franks.

20. On January 31, 2007, Judge Pamela Higgins of the Montgomery County District Court entered an Order, at Unifund's request, dismissing the lawsuit against Mr. Franks, with prejudice.

21. As a result of Unifund's having brought this lawsuit, Mr. Franks incurred expenses for attorney's fees for representation in that action. He also suffered emotional distress, anger, shame and a sense of helplessness and frustration.

## Statement of Claim

22. In its actions as described above, Unifund was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692(6).

23. With regard to his actions as described in this Complaint, the plaintiff, Donald Franks, was a "consumer" within the meaning of the FDCPA. 15 U.S.C. §1692a(3).

24. Based on its actions as described in this Complaint, Unifund acted in violation of the provisions of the FDCPA in that it:

(a) failed to provide Mr. Franks with information concerning his right to dispute the validity of the debt and to obtain verification of the debt claimed as due as required by 15 U.S.C. §1692g;

(b) failed to provide Mr. Franks with verification of the debt as requested by him in writing, in violation of 15 U.S.C. §1692g(b);

(c) Used false, deceptive and misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. §1692e;

(d) Falsely represented the character, amount and legal status of a debt, in violation of 15 U.S.C. §1692e(2);

(e) Communicated to various national credit reporting agencies information that it knew or should have known was false to the effect that Mr. Franks owed the alleged credit card debt when in fact he did not, and further failed to report to those credit reporting agencies that Mr. Franks disputed his liability for this debt, in violation of 15 U.S.C. §1692e(8).

(f) Used false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

25. Unifund's actions as described in this Complaint caused Mr. Franks to incur attorney's fees to defend himself in the lawsuit brought by Unifund against him. In addition, as a result of Unifund's actions, Mr. Franks suffered emotional distress, shame, humiliation, anger, and a sense of helplessness and frustration.

26. Because of its violations of the FDCPA, as described in this Complaint, Unifund is liable to Mr. Franks for his actual damages, $1,000 in statutory damages, and his costs and attorney's fees in this action. 15 U.S.C. §1692k.

**Jury Trial Demanded**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

## Prayer for Relief

WHEREFORE, the plaintiff, Donald Franks, by counsel, asks this Court to enter a judgment in his favor and against the defendant, Unifund CCR Partners, awarding him:

(1) an amount sufficient to fully and fairly compensate him for his actual damages suffered as a result of its actions; and

(2) the amount of $1,000 representing statutory damages under the FDCPA, 15 U.S.C. §1692k; and

(3) his costs and attorney's fees in this action.

Mr. Franks also asks this Court to award her such other and further relief as to this Court shall seem just and proper.

Respectfully submitted,

DONALD FRANKS
Plaintiff
By Counsel

_____
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail: edwayland@yahoo.com

Counsel for Plaintiff