IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| DONALD FRANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number 2:07CV352-MEF |
| ) | |
| UNIFUND CCR PARTNERS, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Unifund CCR Partners (the "Defendant") answers the Complaint (the "Complaint") filed by Donald Franks (the "Plaintiff"), as follows:

### First Defense

The Defendant admits that the Plaintiff purports to bring a complaint as so stated, but otherwise denies the allegations in the introductory paragraphs of the Complaint.

### Jurisdiction and Venue

1. In response to paragraph 1 of the Complaint, the Defendant, while denying the validity of the Plaintiff's cause of action and denying that it violated the referenced statute, admits the jurisdiction of this Court.

2. In response to paragraph 2 of the Complaint, the Defendant admits that venue in the United States District Court for the Middle District of Alabama is proper, but otherwise denies the allegations in paragraph 2 of the Complaint.

### Parties

3. The Defendant admits the allegations in paragraph 3 of the Complaint.

1

4. In response to the allegations in paragraph 4 of the Complaint, the Defendant states that it is a New York general partnership with its principal place of business in Cincinnati, Ohio, and that it buys and sells charged-off consumer receivables and, in some instances, attempts to collect receivables. To the extent not specifically admitted herein, the Defendant denies the allegations set forth in paragraph 4 of the Complaint.

**Statement of Facts**

5. The Defendant admits that it filed the action so stated in paragraph 5 of the Complaint but denies any characterization of the Statement of Claim, which speaks for itself.

6. In response to the allegations contained in paragraph 6 of the Complaint, the Defendant denies any characterization of the Statement of Claim, which speaks for itself.

7. The Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. In response to the allegations contained in paragraph 8 of the Complaint, the Defendant denies any characterization of the affidavit, which speaks for itself.

9. In response to the allegations contained in paragraph 9 of the Complaint, the Defendant denies any characterization of the affidavit, which speaks for itself.

10. The Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 10 of the Complaint.

11. The Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 11 of the Complaint.

12. The Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint.

13. In response to the allegations contained in paragraph 13 of the Complaint, the Defendant denies any characterization of the answer, which speaks for itself.

14. In response to the allegations contained in paragraph 14 of the Complaint, the Defendant denies any characterization of the answer, which speaks for itself..

15. The Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 15 of the Complaint.

16. The Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint.

17. The Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 17 of the Complaint.

18. The Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint.

19. In response to the allegations contained in paragraph 19 of the Complaint, the Defendant denies any characterization of the letter, which speaks for itself.

20. The Defendant admits the allegations in paragraph 20 of the Complaint.

21. The Defendant is without sufficient information to admit or deny the allegations in paragraph 21 of the Complaint.

**Statement of Claim**

22. Paragraph 22 of the Complaint states conclusions of law to which no response is required. To the extent a response is necessary, the Defendant denies the conclusions in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states conclusions of law to which no response is required. To the extent a response is necessary, the Defendant denies the conclusions in paragraph 23 of the Complaint.

24. The Defendant denies the allegations in paragraph 24 of the Complaint.

25. The Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 25 of the Complaint.

26. The Defendant denies the allegations in paragraph 26 of the Complaint.

27. Except as specifically admitted above, the Defendant denies all allegations in the Complaint and demands strict proof thereof.

No response is required to the Plaintiff's prayers for relief, but the Defendants deny that the Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

### Second Defense

The Complaint does not state a claim upon which relief can be granted.

### Third Defense

The Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Defense

The Plaintiff's claims are barred or limited by the doctrines of setoff and recoupment.

### Fifth Defense

The Plaintiff's claims may be barred by the doctrines of laches, waiver and/or estoppel.

### Sixth Defense

The Plaintiff may have failed to join one or more indispensable parties to this action.

### Seventh Defense

The Plaintiff's damages, if any, may be the direct and proximate result of the actions or omissions of parties for whom the Defendant is not responsible or liable.

**Eighth Defense**

To the extent the Defendant attempted to collect the debt in question, the Defendant complied at all times with the FDCPA.

**Ninth Defense**

To the extent Unifund made an error of any kind, such was a bona fide error under applicable law, and was unintentional, made in good faith, the result of a mistake, and/or despite procedures reasonably adapted to check for and avoid such errors.

The Defendant reserves all rights, claims, and defenses. The Defendant reserves the right to assert additional defenses that may be appropriate upon further discovery or investigation.

Respectfully submitted this 10th day of May, 2007.

/s/ Chris Hawkins
Robert E. Poundstone, IV
Chris Hawkins

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Phone: (205) 521-8000
Fax: (205) 521-8800

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the foregoing on:

Edward M. Wayland, Esq.
Post Office Box 17
Montgomery, Alabama 36101

electronically and by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on this 10th day of May, 2007.

/s/ Chris Hawkins
OF COUNSEL