IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

DONALD FRANKS,

  Plaintiff,

v.

                   Civil Action No.
                   2:07-cv-352-MEF

UNIFUND CCR PARTNERS,

  Defendant.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

  The plaintiff, by counsel, has moved this Court for summary judgment as to the issue of liability under the provisions of Rule 56 of the Federal Rules of Civil Procedure. The plaintiff submits this memorandum in support of his motion. In further support of this motion, the plaintiff has submitted the Declarations of the plaintiff, Donald Franks; Douglas C. Freeman, Esq.; and Edward M. Wayland, Esq., and Exhibits 1-12.

  For the reasons which follow, the plaintiff asks this Court to grant his motion.

**Summary Judgment Under Rule 56**

  The standards used to evaluate a motion for summary judgment under Rule 56 are well-established. *E.g., Rawlings v. Dovenmuehle Mortgage, Inc.,* 64 F.Supp.2d 1156, 1158-69 (M.D.Ala. 1999); *Rivera v. Amalgamated Debt Collection Servs.*, 462 F.Supp. 2d 1223, 1226-27 (S.D. Fla. 2006). Under Rule 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c);

*Miller v. Harget*, 458 F.3d 1251, 1255 (11th Cir. 2006), citing *Lippert v. Cmty. Bank, Inc.,* 438 F.3d 1275, 1278 (11th Cir. 2006). The moving party bears the initial burden of showing that there are no material issues of fact. *Imaging Business Machines, LLC v. BancTec, Inc.,* 459 F.3d 1186, 1192 (11th Cir. 2006). Once the moving party satisfies that burden, the non-moving party must introduce facts showing a genuine issue of material fact. *Id*. In determining whether summary judgment is appropriate, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990).

In this case, the plaintiff asserts a claim against the defendant for actions in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. As the discussion below will demonstrate, there can be no genuine dispute that the defendant violated that Act and that the plaintiff is entitled to judgment on the issue of liability as a matter of law.

**Statutory Background:**
**The Fair Debt Collection Practices Act**

The FDCPA was enacted in 1977 to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Hawthorne v. Mac Adjustment,* 140 F.3d 1367, 1370 (11th Cir. 1998) (citing S.Rep. No. 95-382 at 1-2 (1977)). Its purpose is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also *McKnight v. Benitez*,

176 F. Supp. 2d 1301, 1305 (M.D. Fla. 2001).

To accomplish this purpose, the FDCPA lists a number of actions which a debt collector may not take.  E.g., 15 U.S.C. §§1692d, 1692e, 1692f.  In particular, under §1692e, a debt collector is prohibited from "using any false, deceptive or misleading representation or means in connection with the collection of any debt."

**Introduction and Summary**

The basis of the complaint in the present case is that the defendant, Unifund CCR Partners, sought to collect a debt from the plaintiff, Donald Franks based on a credit card account which he never asked for or used.  In its effort to collect this debt from Mr. Franks, the defendant filed a lawsuit against him in the District Court of Montgomery County, Alabama, without evidence to show that Mr. Franks owed the debt or had any relationship to the credit card account involved.  Despite the fact that the defendant had no evidence to demonstrate that Mr. Franks owed this debt, an employee of the defendant, Angela Freckman, executed a sworn affidavit stating that, based on her own "personal knowledge," Mr. Franks did in fact owe the amounts claimed.  The defendant then submitted this affidavit to the District Court as evidence in support of its claim.

The FDCPA prohibits "using [a] false, deceptive or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e.  Executing a sworn affidavit containing false information about a person's obligation to pay a debt and then using that affidavit in an effort to collect money which is not owed is a violation of this section.

In addition, the FDCPA prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the

3

failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8). The defendant sent information to all three national credit reporting agencies claiming that the plaintiff owed this debt. In doing this, the plaintiff failed to inform these agencies that this debt was disputed by the plaintiff, although the defendant knew that was so.

Because the defendant committed these acts in violation of the FDCPA, it is liable to the plaintiff for damages as provided in that Act. 15 U.S.C. §1692k(a).

### Statement of Facts

The statement of facts which follows consists of facts which are not in dispute, or which cannot reasonably be disputed, by the defendant.

1. The defendant, Unifund CCR Partners ("Unifund"), is engaged in the business of collecting debts. Answer to ¶4 of the Complaint; Answer to Plaintiff's Interrogatory #2 (Exhibit 12). It is, therefore, a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

2. The plaintiff, Donald Franks, is a "consumer" within the meaning of the FDCPA. 15 U.S.C. §1692a(3) ("The term consumer means any natural person obligated or allegedly obligated to pay any debt.")

3. On or about June 23, 2006, Unifund filed a lawsuit in the District Court for Montgomery County, Alabama against the plaintiff, Donald Franks. It was filed as Case No. CV 2006-2075.

4. In the District Court lawsuit, Unifund sought a judgment against Mr. Franks in the amount of $4,675.93 plus court costs. A true copy of the Complaint filed by Unifund in this lawsuit is submitted as Exhibit 1 in support of the Plaintiff's Motion for Summary Judgment.

5. In connection with the District Court lawsuit, Unifund also filed an affidavit executed

by Angela Freckman.  A true copy of this affidavit is submitted as Exhibit 2.

     6. Ms. Freckman is employed by Unifund as Legal Liaison.  See Defendant Unifund's Rule 26(a) Disclosures, ¶A (submitted as Exhibit 11).

     7. In Ms. Freckman's affidavit submitted in the District Court lawsuit (Exhibit 2), she states, among other things, that

> 3. There is justly due and owing by the Defendant(s), Donald Q Franks, account number 4031140400908090, to the Plaintiff the sum of 4,652.99 and interest.
>
> 4. That the Defendant(s) [Mr. Franks] used or authorized use of a credit card for the purchases of goods and/or services and/or cash advances which use bound the Defendant(s) to the credit card terms and conditions.

     8. When she signed the affidavit (Exhibit 2), Ms. Freckman relied entirely on "information transmitted to Unifund from Providian National Bank." Unifund's Responses to Plaintiff's Interrogatories #5, 6 (Exhibit 12).

     9. When she signed the affidavit (Exhibit 2), Ms. Freckman was not relying on her "personal knowledge of the facts", and the statement in that affidavit that she had "personal knowledge of the facts" was not true.  Id.

     10. Mr. Franks has consistently maintained that he never applied for the credit card which was the basis of the state court lawsuit;  that he never received the credit card or used it;  that he never received or saw any credit card statements relating to this account;  that he never made any payments on this credit card account;  and that he has no responsibility for or relationship with this credit card contract.  Answer filed in the state court lawsuit (submitted as Exhibit 3);  Declaration of Donald Franks, ¶¶3, 4.

     11. Mr. Franks believes it is possible that his former wife applied for this account using his name without his knowledge or permission, but he does not know that for sure.  Franks

5

Declaration, ¶6.

12. On or about July 18, 2006, Mr. Franks filed his Answer (Exhibit 3) in the state court lawsuit.

13. The defendant, Unifund, sent Mr. Franks a letter dated July 19, 2006, in which it acknowledged that he was disputing this debt and provided him with certain additional information about the amounts claimed as due. True copies of this letter and the enclosure are submitted as Exhibit 4. Franks Declaration, ¶8.

12. As part of the state court lawsuit, on or about November 6, 2006, Douglas C. Freeman, Esq., acting as counsel for Mr. Franks in the District Court lawsuit, served interrogatories and requests for the production of documents on Unifund. True copies of these discovery requests are submitted as Exhibits 6 and 7 to the Plaintiff's Motion for Summary Judgment. Declaration of Douglas C. Freeman; ¶3.

13. Unifund never responded to these discovery requests. According to Wendy Z. Johnston, attorney for Unifund in the District Court lawsuit, Unifund did not have the information and the documents requested and was unable to obtain them from Providian, the original creditor. Declaration of Edward M. Wayland, ¶3; Letter from Edward M. Wayland, Esq. to Wendy Z. Johnston, Esq., January 10, 2007, submitted as Exhibit 8; see Unifund's Answer to Plaintiff's Interrogatory #11(Exhibit 12).

14. Because Unifund was unable to produce the information and documents requested, Ms. Johnston agreed to submit an order dismissing the state court lawsuit, with prejudice. Letter from Wendy Z. Johnston, Esq. to Edward M. Wayland, Esq., January 18, 2007 (Exhibit 9); Wayland Declaration, ¶4.

15. On January 31, 2007, the judge of the Montgomery County District Court dismissed

the lawsuit against Mr. Franks, with prejudice. A true copy of the Dismissal Order is submitted as Exhibit 10; Wayland Declaration, ¶5.

16. As a result of the dismissal, with prejudice, of the state court litigation, it is established conclusively between these parties that Mr. Franks does not owe the debt claimed by Unifund on this credit card account.

17. Unifund reported to the three national credit reporting agencies, Equifax, Experian and Trans Union, that Mr. Franks owed the debt claimed in the state court lawsuit and that it was past due and unpaid. (True copies of the relevant pages of the credit reports from each of these agencies are submitted as Exhibits 5-A (Equifax), 5-B (Experian) and 5-C (Trans Union). Franks Declaration, ¶9.)

18. The information submitted by Unifund to each of the credit reporting agencies states that it was last updated in December 2006. Id.

19. At the time Unifund submitted this information to the credit reporting agencies it knew that Mr. Franks disputed this debt. See, e.g., Exhibit 4.

20. Unifund did not advise any of the credit reporting agencies that this debt was disputed. Exhibits 5-A, 5-B, and 5-C.

**Argument**

**A. Unifund violated the FDCPA by using the affidavit of Angela Freckman, which contained false information, for the purpose of collecting a debt from Mr. Franks that he did not owe.**

It is a violation of the FDCPA for a debt collector to use "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. In addition to this general prohibition, §1692e(2)(A) prohibits "the false representation

7

of the character, amount or legal status of any debt" and §1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." Based on the facts before the Court, it is clear that Unifund attempted to obtain a judgment against Mr. Franks for money he did not owe by using an affidavit of a Unifund employee containing false statements or statements beyond her personal knowledge regarding the material facts concerning this alleged debt. Ms. Freckman, a Unifund employee, stated that Mr. Franks owed Unifund the money due under the account. That was false. What is worse, Ms. Freckman stated "under penalty of perjury" that she knew Mr. Franks was the person who owed this money and that the amount claimed was in fact owed. She stated, under oath, that she knew these things to be true "of her own personal knowledge."

Since Ms. Freckman had no direct evidence to support her contention that these statements were true and since she obviously knew that she could not attest to them based on her own "personal knowledge," her affidavit was a false and deceptive statement made to collect a debt, in violation of the FDCPA.

**1. Mr. Franks does not owe the debt in question.**

It is clear under Alabama law that the order dismissing Unifund's lawsuit against Mr. Franks is an adjudication on the merits of Unifund's claims against Mr. Franks based on the disputed credit card account. "A dismissal with prejudice is an adjudication on the merits." *Gonzalez, LLC v. DiVincenti*, 844 So.2d 1196, 1203 (Ala. 2002); *Smith v. Union Bank & Trust Co.,* 653 So.2d 933 (Ala.1995); *Hammermill Paper Co. v. Montreal Boyette Sandlin Day,* 336 So.2d 166 (Ala.1976); *Parmater v. Amcord, Inc.,* 699 So.2d 1238, 1241 (Ala.1997).

This also means that this Court may not re-open this question under the Rooker-Feldman

doctrine, since to do so would be, in effect, to review the correctness of a final decree of a state court which had appropriately exercised jurisdiction over the same matter. E.g., *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); cf. *Cox v. Alabama State Bar*, 392 F.Supp.2d 1295, 1299 (M.D.Ala. 2005). The District Court's final order dismissing Unifund's lawsuit with prejudice is a final decision absolving Mr. Franks of liability on this account, and that issue should not be re-opened by this Court.

Even without considering the District Court's actions, there is still no reasonable basis to claim that Mr. Franks owes the debt in question. Mr. Franks himself has adamantly and consistently maintained that he never asked for or agreed to be responsible for the credit card account. E.g., Franks Declaration, ¶¶3-4. As Unifund's actions in the state court litigation make clear, it has no evidence to show that Mr. Franks is wrong. Even in its interrogatory answers, Unifund was unable to point to any persuasive, admissible evidence to show that Mr. Franks had any personal involvement with this account. E.g., Unifund's Answers to Interrogatories #5 and 6 (Exhibit 12).

The conclusion, then, is that Mr. Franks does not owe the sums claimed by Unifund, and that Unifund has no persuasive evidence to claim that he does.

**2. Ms. Freckman's affidavit violated the FDCPA.**

In order to prevail on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp.2d 1355, 1360-1361 (S.D. Fla. 2000) (quoting *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 470 (M.D. La. 1995)). *Fuller v.*

9

*Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (D. Fla. 2002). The plaintiff has clearly been the object of collection activity arising from consumer debt (see, e.g., District Court Complaint, Exhibit 1). It is also clear that Unifund is a debt collector as defined by the FDCPA. See, e.g., . Answer to ¶4 of the Complaint; Answer to Plaintiff's Interrogatory #2 (Exhibit 12). The question then is whether using Ms. Freckman's affidavit to collect a debt is an action prohibited by the FDCPA.

There can be no genuine dispute that Ms. Freckman's affidavit contained false information and that it was used to attempt to collect a debt. If Mr. Franks did not owe the money claimed by Unifund, then it follows inevitably that Ms. Freckman's affidavit, in which she asserts the contrary is true on her own "personal knowledge of the facts" is a "false, deceptive and misleading" statement. This is all the more troubling in this case, where the alleged debtor was never a party to the credit card contract at all.

It should be noted that in claims under §1692e, the FDCPA is a strict liability statute. "A consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). Under §1692e, "Debt collectors may not make false claims, period." *Id.* Ignorance is no excuse and this provision applies "even when a false representation was unintentional." *Turner v. J.V.D.V. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), quoting *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th Cir. 2006). The burden is therefore on the debt collect to take care that their claims are in fact well-founded. The defendant in this case failed to do that. What is more, in the circumstances, it is clear that when she executed her affidavit, Ms. Freckman knew that she was saying things, under oath, which she did not know to be true.

It is well-settled that submitting an affidavit containing false statements, such as that of Ms. Freckman's, in support of a collection lawsuit is a violation of the FDCPA. In a number of cases, the courts have developed a set of guidelines for evaluating, under the FDCPA, the use of attorney affidavits in a collection action filed in court in support of a client's claims. These cases have made clear that "An attorney may verify a complaint if the attorney possess personal knowledge of the relevant facts." *Young v. Meyer & Mjus, P.A.,* 1997 U.S. Dist. LEXIS 11469 (N.D. Ill. 1997). In that case, the court ruled that the attorney's review of a computer print-out provided by the creditor showing the debt was due "cannot provide the basis for an attorney's verification of the facts based on personal knowledge." The court went on to say that "The print-out would not be sufficient to prove the debt at trial. Accordingly, it cannot provide the basis for an attorney's verification of the facts based on personal knowledge." *Id.* See also *Bradley v. Fairbanks Capital Corp.*, 2003 U.S. Dist. LEXIS 7465 (N.D. Ill. 2003) (FDCPA claim rejected because attorney affidavit stated information was true and correct "based upon information supplied by Plaintiff" and not on the attorney's own knowledge); *O'Chaney v. Shapiro & Kreisman, LLC*, 2004 U.S. Dist. LEXIS 5116 (N.D. Ill. 2004) (FDCPA claim rejected where attorney signed verification based on attorney's "information and belief"[1]); *Lockett v. Freedman,* 2004 U.S. Dist LEXIS 6857 (N.D. Ill. 2004) (motion to dismiss denied where plaintiff alleged attorney verified complaint based on his personal knowledge without using limiting words such as "on information and belief"); see *Kelly v. Great Seneca Financial Corp.,* 2005 U.S.Dist. LEXIS 40192 (S.D. Ohio 2005) (motion to dismiss denied where debt collector

---

[1] "The words 'information and belief' convey to the reader that the person making the allegations does not necessarily have personal knowledge of the facts alleged." *Fisher v. Asset Acceptance, LLC*, 2005 U.S.Dist. LEXIS 14902 (N.D. Ill. 2005). Such words in an affidavit do not constitute acceptable evidence, for example, under Rule 56(e), which requires that affidavits be based on "personal knowledge." *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 414 (1st Cir. 2000); *Chandler v. Coughlin*, 763 F.2d 110, 114 (2d Cir. 1985).

defendant had sued plaintiff relying on a document with allegedly false information).

While these cases reach different conclusions based on the different facts presented, they all confirm a basic rule: an employee of a debt collector such as Ms. Freckman violates the FDCPA if she submits a sworn statement, claiming to be based on her own personal knowledge, if she does not in fact have the personal knowledge claimed and if her statement contains false information about a consumer's liability for a debt. This is especially important where, as here, there is a complete absence of admissible evidence to support the claim that the consumer actually owes the money and where the consumer denies any connection with the disputed account.

There can be no genuine dispute that Ms. Freckman's affidavit contained false statements and that those statements were made for the purpose of collecting a debt. Mr. Franks is entitled, therefore, as a matter of law, to the entry of a judgment that Unifund violated the provisions of the FDCPA. Accordingly, this Court should enter a partial summary judgment ruling that Unifund has violated the FDCPA and that it is liable to Mr. Franks for such damages as he can show he is entitled to under that Act.

**B. Unifund reported information to the national credit reporting agencies stating that Mr. Franks owed this debt without advising them that he disputed this.**

The FDCPA prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8). A debt collector may be liable under §1692e(8) if it fails to communicate to a consumer reporting agency that a debt is disputed. *Acosta v. Campbell*, 2006 WL 3804729, 7 (M.D.Fla. 2006); *see Ryan v. Wexler & Wexler,* 113 F.3d 91, 92 (7th Cir.1997) (plaintiff stated a claim under the FDCPA for debt

collector's failure to communicate to credit reporting agencies that his account was disputed); *Semper v. JBC Legal Group,* 2005 WL 2172377, 3 (W.D.Wash. Sept.6, 2005) (debt collector's failure to communicate to credit bureau that dishonored check debt was disputed violated the statute);  compare *King v. Asset Acceptance, LLC*,  452 F.Supp.2d 1272, 1282 (N.D.Ga.2006) (FDCPA claim rejected because "the evidence shows that Asset reported its collection account to the credit reporting agencies as "disputed" on February 15, 2005, four days after King sent his February 11, 2005, letter.  This demonstrates compliance with § 1692e(8) and puts King's potential creditors on notice that the account is disputed").

A review of the relevant pages from the January 2007 credit reports prepared by all three credit reporting agencies for Mr. Franks (Exhibits 5-A, 5-A and 5-C) makes it clear that Unifund failed to advise the agencies that this was a disputed debt.  And Unifund knew that Mr. Franks disputed the debt.  According to the information from Unifund on these reports, Unifund last updated the account information in December, 2006, months after learning that Mr. Franks disputed this debt.  (See letter from Unifund to Mr. Franks, July 19, 2006 (Exhibit 4)).

It is established, therefore, that Unifund knew that Mr. Franks disputed this debt and that it failed to report that fact to the credit reporting agencies.  That is a violation of §1692e(8). Unifund should be held to be liable to Mr. Franks for this violation of the FDCPA.

**Conclusion**

For the foregoing reasons, the plaintiff, Donald Franks, asks this Court to grant him summary judgment on the issue of liability in this case on the grounds that there can be no genuine dispute that the defendant, Unifund, has violated the FDCPA, and that he is entitled to judgment as a matter of law.

        Respectfully submitted,

        DONALD FRANKS
        Plaintiff
        By Counsel


s/ *Edward M. Wayland*
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, I filed a true copy of the foregoing Memorandum in Support of Plaintiff's Motion for Summary Judgment with the Court using the CM/ECF electronic filing system, which will automatically forward a copy to counsel for the defendant.

        s/ *Edward M. Wayland*
        Edward M. Wayland