## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD FRANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:07CV352-MEF |
| | ) | |
| UNIFUND CCR PARTNERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS OR,
## ALTERNATIVELY, FOR SUMMARY JUDGMENT
## AND SUPPORTING MEMORANDUM OF LAW

**Unifund CCR Partners** ("Defendant"), pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, moves this Court for a dismissal or, alternatively, for summary judgment on Plaintiff's claims.  In support of this motion, Defendant states as follows:

### UNDISPUTED FACTS

1. Unifund sued Franks in the District Court of Montgomery County, Alabama, attempting to collect a debt that Unifund claimed Franks owed as a result of a credit card account. (Compl. ¶¶ 5, 8.)  A copy of the state court complaint is attached as Exhibit A.

2. Franks alleges that the state court lawsuit was the only communication he received from Unifund or anyone acting on Unifund's behalf about the debt. *Id.* at ¶ 12.[1]

3. Franks filed an answer in the state court lawsuit (attached as Exhibit B) denying that he owed the debt referenced in Unifund's state court complaint. *Id.* at ¶ 14.

---

[1] For purposes of this motion only, and pursuant to F.R.C.P. 12, Unifund takes as undisputed the facts which Plaintiff alleged in his Complaint.  Unifund does not admit that Paragraph 12 of Plaintiff's Complaint or any other such paragraph set forth true allegations.

4.      Franks served discovery requests on Unifund (attached as <u>Exhibit C</u>) on November 6, 2006. *Id.* at ¶ 16.

5.      Franks also filed a third-party complaint in the state court action against his former wife, alleging that she had opened the credit card account in his name and incurred the charges without his permission. *See* <u>Exhibit D</u>.

6.      On January 18, 2007, Unifund informed Franks that it had been unable to locate certain information requested in Franks' discovery requests and that it agreed to dismiss the lawsuit against him. (Compl. at ¶ 18.)

7.      Franks alleges that the above-described conduct constitutes a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, and specifically alleges violations concerning the validation of the debt pursuant to § 1692(g) and false or misleading representations pursuant to § 1692(e).

8.      Unifund denies that its conduct violated the FDCPA. *See* Unifund's Ans. generally and at ¶ 24.

## ARGUMENT

## I.      MOTION TO DISMISS

A court must dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *Jarrett v. Alexander*, 235 F.Supp.2d 1208, 1210 (M.D. Ala. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).   In deciding a motion to dismiss, the court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Id.*

**A.    Unifund is not liable for an alleged failure to provide information concerning verification of the debt, and the § 1692(g)(a) claims in Plaintiff's Complaint concerning validation of the debt are due to be dismissed.**

Plaintiff alleges that Unifund violated provisions of the FDCPA concerning validation of the debt in question by (a) failing to provide information concerning the right to dispute and obtain verification of the debt; and (b) failing to provide verification of the debt.   Section 1692(g)(a) of the FDCPA requires a creditor to provide a consumer with certain information about the debt within five days after its "initial communication" with the consumer.   *See* 15 U.S.C. 1692(g)(a).  Plaintiffs claims based on validation of the debt are due to be dismissed.

Franks asserts that the state court complaint was the first communication he ever received from Unifund or any of its representatives about the unpaid debt.  (Compl. ¶ 12.)   There is no assertion in the Complaint of any other communication that Franks received from Unifund.  However, service of a formal legal action is not an "initial communication" under the FDCPA that triggers a consumer's rights concerning verification of the debt. *See Vega v. McKay*, 351 F. 3d 1334, 1337 (11th Cir. 2003) ("We now conclude that the holding of *McKnight [v. Benitez*, 175 F.Supp.2d 1301 (M.D. Fla. 2001], that a legal action does not constitute an "initial communication" within the meaning of the FDCPA, accurately states the law.")

In *McKnight*, the plaintiff alleged that a notice of debt attached to a lawsuit complaint was ineffective because it was overshadowed and contradicted by the language in the summons. In concluding that a legal action is not an "initial communication" within the meaning of the FDCPA, the Court stated:

> The purpose of the Act, as stated in §1692(e), is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." That language indicates that Congress intended to regulate unscrupulous practices of debt collectors and level the playing field for

debt collectors who do not use abusive practices. **There is no indication whatsoever that Congress considered state law legal remedies to be "abusive," nor does it appear necessary to alter the procedures for filing state lawsuits to level the playing field. After all, if state lawsuits are used in an abusive manner, protection already exists in the court where the action is brought.**

Moreover, Congress did not overlook legal actions as being potentially abusive. It made a specific provision in the Act, in a section entitled "Legal Actions by Debt Collectors," to regulate venue, the place where a lawsuit could be filed. Had it wished to alter the timing of the filing or create other changes in existing legal remedies to curb "abuses," it would have been logical to do so there. Or, specific mention of legal actions could have been made within the definition of "communication." The absence of doing so is one indication that Congress did not intend the revolutionary changes to long-standing judicial remedies which are required if a legal action is considered a "communication" within the meaning of the Act.

*McKnight*, 175 F.Supp.2d at 1310 (emphasis added).

In *McKnight*, the Eleventh Circuit also noted that the Federal Trade Commission, the governmental agency charged with enforcing certain aspects of the FDCPA, does not consider a legal action to be "communication" within the meaning of the act, as evidenced by the following language in a commentary issued by the Federal Trade Commission: "A debt collector's institution of formal legal action against a consumer (including the filing of a complaint or service of legal papers by an attorney in connection with a lawsuit to collect a debt) ... is not a 'communication in connection with collection of any debt', and thus does not confer section 809 notice-and-validation rights on the consumer." *Id.* The Court stated that the Federal Trade Commission's "big picture" view is consistent with the purpose of the FDCPA, which is to curb abusive debt collection practices, not legal actions. *Id.*

As stated above, a court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Jarrett*, 235 F.Supp.2d at 1210. However, even taking the allegations in the Complaint as true, Franks' claims that Unifund

violated the FDCPA by not providing him with information concerning the verification of the debt must be dismissed. The only communication asserted by Plaintiff in his Complaint is the state court complaint that Unifund filed against Franks. As explained above, however, a collection complaint does not trigger any notice and validation rights under the FDCPA. Accordingly, Plaintiff has no cause of action against Unifund for a failure to provide him with verification of the debt, and claims by the Plaintiff concerning verification of the debt must be dismissed.

    **B.**    **Any claim by the Plaintiff brought pursuant to § 1692(g)(b) is due to be dismissed.**

The Plaintiff does not allege in the Complaint that Unifund failed to cease collection activity in violation of §1692(g)(b); however, the Plaintiff does cite to this statute in Paragraph 24(b) of the Complaint. Section 1692(g)(b) requires a debt collector to cease collection of the debt if the debtor disputes the debt until such time as the debt collector obtains verification of the debt and a copy of the verification is mailed to the consumer. It is clear that the allegations in the Complaint do not state a claim under § 1692(g)(b). The allegations in the Complaint, taken as true as the Court is required to do on a motion to dismiss, state that Unifund filed a lawsuit but then dismissed it when it was unable to locate certain documents requested by the Plaintiff. *See* Compl. ¶¶ 14-19. There is no allegation whatsoever of further collection activity or further litigation activity by Unifund after Franks filed an answer disputing the debt. Therefore, to the extent the Plaintiff attempts to bring a claim under § 1692(g)(b), the claim is due to be dismissed.

    **C.**    **Unifund is not liable for not possessing immediate proof of its allegations when it filed the state court lawsuit against Franks.**

The Complaint is not entirely clear as to how the Unifund's filing of a lawsuit violated the FDCPA. However, Plaintiff's seems to base his case on the contention that Unifund violated

the FDCPA by filing a lawsuit without having possession of documents from the underlying creditor to whom Franks originally owed the debt. Plaintiff takes issue with the affidavit submitted with the state court complaint in which the affiant stated that she had "personal knowledge" of the facts in the affidavit, and Plaintiff describes how Unifund agreed to dismiss the underlying lawsuit when it was unable to locate certain information requested in Franks' discovery requests. (Compl. ¶¶ 8-9, 14-18.) Plaintiff presumably asserts that not having possession of the underlying documents constitutes false, deceptive, or misleading behavior by Unifund in violation in § 1692(e).

However, courts from around the country have uniformly held that a debt collector does not violate the FDCPA simply because it files a lawsuit without the immediate means of proving the debt. "Even when viewed from the perspective of an unsophisticated consumer, the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing the debtor. **Any attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system in the way alleged by [the plaintiff] cannot be said to be an abusive tactic under the FDCPA.**" *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330-31 (6th Cir. 2006) (emphasis added); *see also Nickoloff v. Wolpoff & Abramson, L.L.P.*, 2007 WL 2735289, at *1 (C.D. Cal., Sept. 18, 2007) ("A debt collector does not violate the FDCPA merely because it files a lawsuit without immediate means of proving the debt."); *Clark v. Unifund CCR Partners*, 2007 WL 1258113 (W.D. Pa., Apr. 30 2007) (no FDCPA violation to file with insufficient information attached to complaint); *Deere v. Javitch, Block & Rathbone*, 413 F. Supp. 2d 886 (S.D. Ohio 2006) (no FDCPA violation to dismiss complaint when debtor disputes); *Davis v. NCO*, 2006 WL 290491 (S.D. Ohio, Feb. 7, 2006) (same). As the *Harvey* court stated, "a debt may be properly pursued

in court, even if the debt collector does not yet possess adequate proof of its claim." *Harvey*, 453

F.2d at 333.    Thus, because filing a lawsuit without immediate proof of the claim is not a

violation of the FDCPA, Plaintiff's Complaint fails to state a claim against Unifund.

## II.    MOTION FOR SUMMARY JUDGMENT

To the extent that the Court holds that the Plaintiffs' claims are not due to be dismissed,

Unifund is entitled to summary judgment on those claims.    Under Rule 56(c) of the Federal

Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."    *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).    The moving party must initially

advance a showing that "there are no genuine issues of material fact that should be decided at

trial."    *Weston Group Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1361 (11th Cir. 1999).    Because

Unifund has carried its initial burden by filing this motion, Plaintiff may not rest on the mere

allegations or denials in his pleadings. Plaintiff, by declarations or as otherwise allowed by Rule

56, must establish a genuine issue of material fact, as determined by an examination of the

substantive law.    *See Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995).    "[A] complete failure of

proof concerning an essential element of the non-moving party's case necessarily renders all

other facts immaterial."    *Celotex*, 477 U.S. at 322.    Plaintiff cannot meet this burden.

Other than conclusory allegations in the Complaint, there is no evidence in this case

indicating that Unifund's conduct violated the FDCPA.    The factual allegations in the Complaint

establish only that Unifund filed a lawsuit against Franks, Franks disputed the allegations in that

lawsuit, Franks served discovery requests on Unifund, Unifund could not locate certain

information sought by those discovery requests, and Unifund agreed to dismiss the lawsuit.

Plaintiff does not assert any other allegations of debt collection activity or any other conduct that could constitute a violation of the FDCPA as a matter of law.

Other than the allegations concerning validation of the debt under §1692(g), which are addressed in Section I.A. above, Plaintiff's claims against Unifund allege violation of §1692(e), which prohibits use of false or misleading representations. In determining whether a defendant used of false, deceptive, or misleading means to collect a debt, the Eleventh Circuit has adopted the "least sophisticated consumer" standard, which analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Jeter v. Credit Bureau Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). Plaintiff has not and cannot point to any language in Unifund's state court complaint, attached hereto as Exhibit A, that could be construed as false, misleading, or deceptive—even to the least sophisticated consumer.

The Eleventh Circuit has found, in connection with § 1692e, that where parties reasonably disagree about the interpretation of the language in debt collection letters, the trier of fact must resolve the disagreement rather than the court through summary judgment. *Rivera v. Amalgamated Debt Collection Serv. Inc.*, 462 F.Supp.2d 1223, 1230 (S.D. Fla. 2006) (citing *Jeter*, 760 F.2d at 1176)). In this case, the issue of whether Unifund's complaint was false or misleading can be resolved as a matter of law, because there is no reasonable disagreement between the parties about the interpretation of the language in the complaint. Again, this is not a case where the Plaintiff claims that particular language in Unifund's state court complaint was false, misleading, or deceptive; instead, Plaintiff claims that the complaint was false because he did not actually owe the debt. In this regard, however, the holding in *King v. Asset Acceptance LLC*, 452 F.Supp.2d 1272 (N.D. Ga. 2006) is instructive. In *King*, the plaintiff sued a debt collector under the FDCPA claiming that his girlfriend had opened a credit card account without

his permission. In granting summary judgment for the defendant, the court examined another similar case, *Farren v. RJM Acquisition Funding LLC*, 2005 WL 1799413, at *9 (E.D. Pa., July 26, 2005), where the district court rejected the plaintiff's claim that the defendant made a false representation as to the character or legal status of the debt or in an attempt to collect the debt in violation of the FDCPA even though it was later discovered that the debt did not belong to the plaintiff. The *Farren* court had found compelling the fact that there was no evidence to show that the defendant was aware that the debt was not the plaintiff's when it reported the debt, stating:

> If the Court were to interpret the FDCPA as [the plaintiff] requests, any debt collector or data furnisher who communicates in anyway about a debt that is later discovered not to be owed by the individual the debt collector originally thought owed it would be liable under the FDCPA. The Court will not interpret this statute so broadly as to create such a liability. The FDCPA was intended to protect debtors from offensive, misleading, and aggressive tactics by debt collectors, not to hold debt collectors or others in the industry that refrain from such tactics to a standard of omniscience as to whether or not a debt will eventually be found to belong rightfully to someone other than the individual first identified as the debtor.

*King*, 452 F.Supp.2d at 1281-82 (citing *Farren*, at *9). All that Franks essentially alleges in this lawsuit is that Unifund sued him for a debt that was incurred by his former wife and that it subsequently dismissed that lawsuit. Assuming, *arguendo*, that Franks' former wife did incurr the debt in question in Franks' name without his permission, that fact does not establish that any of the statements in Unifund's state court complaint were false, deceptive, or misleading. Because the fact that the debt may not have been Franks' debt does not make Unifund's complaint "false" and because there is no reasonable disagreement about the interpretation of the language in Unifund's state court complaint, there is no issue of fact as to whether Unifund's complaint was false, deceptive, or misleading, and Unifund is entitled to summary judgment.

Unifund has denied the violations alleged by the Plaintiff, and it is Plaintiff's burden to come forward with evidence establishing a material question of fact on each of Plaintiff's claims. Plaintiff apparently relies on his mere denial of owing the debt to conclusively establish that Unifund's lawsuit was "false" and relies on Unifund's delay in responding to discovery and ultimate dismissal of the state court lawsuit to conclusively establish that Unifund was deceptive in attempting to collect the debt. However, to survive summary judgment, Plaintiff must come forth with evidence sufficient to create a fact question as to whether Unifund used *false*, *deceptive*, or *misleading* means to collect the debt; that Unifund *falsely* represented the character, amount, and legal status of the debt; or that Unifund communicated to various credit reporting agencies information *that it knew or should have known was false* and that Mr. Franks disputed liability for the debt. There is simply no evidence in this case that Unifund did anything false, deceptive, or misleading, and there is simply no evidence that the alleged debt was false or that Unifund knew or should have known it was false.

## CONCLUSION

The Plaintiff has essentially sued Unifund for violations of the FDCPA because Unifund sued him to collect a debt and then agreed to dismiss the lawsuit when it could not locate certain documents requested by Franks in discovery. As explained above, a lawsuit complaint does not trigger a debt collector's obligation to provide validation of the debt in question, so Unifund cannot be liable for not providing this information to Franks. Unifund also cannot be liable for filing a lawsuit without the immediate means to prove the allegations in the lawsuit. Finally, the Plaintiff has no evidence, other than conclusory allegations in the Complaint, that any conduct by Unifund was false, deceptive, or misleading. It is undisputed that filing the state court complaint is the only action Unifund took to collect on the debt in question. There is no language in the

10

complaint that can be construed as false, deceptive, or misleading, even to the least sophisticated consumer, and Plaintiff's claim that he did not actually owe the debt, assuming it is true, does not make Unifund's complaint "false" under the FDCPA.

WHEREFORE, premises considered, Unifund respectfully requests that this Court dismiss all of Plaintiff's claims against it or, alternatively, grant summary judgment as to all of Plaintiff's claims against Unifund.

Respectfully submitted on this 2nd day of November, 2007.

/s/ Angela R. Rogers
Chris Hawkins
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Phone: (205) 521-8000
Fax: (205) 521-8800

-and-

Robert E. Poundstone, IV
Angela R. Rogers
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama  36104
Phone:  (334) 956-7700
Fax:  (334) 956-7701

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Edward M. Wayland, Esq.
> Post Office Box 17
> Montgomery, Alabama 36101

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Not applicable.

> s/ Angela R. Rogers
> _____
> Angela R. Rogers (RAI017)
> Bradley Arant Rose & White LLP
> The Alabama Center for Commerce
> 401 Adams Avenue, Suite 780
> Montgomery, AL 36104
> Telephone: (334) 956-7700
> Facsimile: (334) 956-7701
> E-mail: arogers@bradleyarant.com

# Exhibit A

# STATEMENT OF CLAIM
In The DISTRICT COURT of MONTGOMERY COUNTY, Alabama

| | | | |
|---|---|---|---|
| Plaintiff | Unifund CCR Partners<br>10625 Techwoods Circle<br>Cincinnati, OH 45242 | Defendant<br>Address | Donald Q Franks<br>4223 Matterhorn Ct<br>Montgomery, Alabama 36116 |
| Address | | | |
| Attorney | Zarzaur & Schwartz, PC<br>Post Office Box 11366<br>Birmingham, AL 35202<br>205/250-8437 | Additional<br>Defendant<br>Address | |
| | | Additional<br>Defendant<br>Address | |

FILED DISTRICT COURT
MONTGOMERY COUNTY
2006 MAY 25  PM 1 55

### NOTICE TO EACH DEFENDANT
### READ CAREFULLY
YOU ARE BEING SUED IN THE ABOVE COURT BY THE PLAINTIFF(S) SHOWN ABOVE.  THE JUDGE HAS NOT YET MADE ANY DECISION IN THIS CASE, AND YOU HAVE THE RIGHT TO A TRIAL TO TELL YOUR SIDE.
HOWEVER, IF YOU, OR YOUR LAWYER, FAIL TO ANSWER THIS COMPLAINT WITHIN **14** DAYS AFTER YOU RECEIVE THESE PAPERS, A JUDGMENT CAN BE TAKEN AGAINST YOU.  ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR YOUR HOME OR PROPERTY SOLD TO SATISFY THAT JUDGMENT

## COMPLAINT
## COUNT I

I.     I claim that the defendant Donald Q Franks owes the plaintiff the sum of $4,652.99 because: ACCOUNT STATED, plus $ 22.94 for interest          TOTAL   $ 4,675.93

Wherefore, Plaintiff claims the sum of $ 4,675.93 from each defendant plus court costs.

**VERIFICATION OF THE DEBT, THE NAME AND ADDRESS OF YOUR ORIGINAL CREDITOR, IF DIFFERENT FROM ABOVE, WILL BE PROVIDED TO YOU IN WRITING IF REQUESTED.  THE DEBT WILL OTHERWISE BE CONSIDERED VALID.  THE DEBT COLLECTOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*Melissa Bittenour*
BY: _____

Clerk
CLERK     District Court of MONTGOMERY County
ADDRESS:  Montgomery County Courthouse
          Montgomery Co. Courthouse
          251 South Lawrence Street
          Montgomery, Al 36104

Wendy Z. Johnston (ZAR004)
PHONE NO.     205/250-8437

STATE OF Ohio

COUNTY OF Hamilton

### AFFIDAVIT IN SUPPORT OF COMPLAINT

BEFORE ME, the undersigned Notary Public, authorized by law to administer oaths, personally appeared the undersigned who, after being first duly sworn, says:

1. I am the authorized agent of Unifund CCR Partners which is a corporation organized and existing under the laws of the State of Ohio.

2. Affiant is at least 18 years of age and competent to testify. Affiant has personal knowledge of the facts set forth herein.

3. There is justly due and owing by the Defendant(s), Donald Q Franks, account number 4031140400908090, to the Plaintiff the sum of 4,652.99 and interest.

4. That the Defendant(s) used or authorized use of a credit card for the purchases of goods and/or services and/or cash advances which use bound the Defendant(s) to the credit card terms and conditions.

5. That the Plaintiff has credited any payments received from the Defendant(s) on this account to the balance owed, and the amounts above stated reflect any payments made to date.

6. Plaintiff and/or its predecessor(s) in interest stated an account to Defendant(s) by sending monthly statements to the Defendant(s), thereby constituting a written account stated.

7. Affiant has personal knowledge of the mailing procedures of UNIFUND CCR PARTNERS, and testifies that the statement(s) sent to the Defendant(s) were properly addressed and mailed to the Defendant(s) with sufficient postage, and not returned.

8. That the Plaintiff keeps regular books of account and that the keeping of said books of account is in the charge of/or under the supervision of the affiant. The entries in said books of account are made in the ordinary course of business.

9. To the best of my knowledge the Defendant(s) is/are not now in the military service, as defined in the Soldier's and Sailor's Civil Relief Act of 1940 with amendments, nor has been in such service within thirty days hereof.

I do solemnly declare and affirm under the penalties of perjury that the matters set forth above are   true and correct to the best of my knowledge.

_____
AFFIANT

Angela Freckman

Sworn to and subscribed to before me this
__21__ day of ___April___, 20_06_

_____
Notary Public

Acct No:    4031140400908090
FWD File:   4031140400908090
Z&S File:   06-11390-0

AF2

# Exhibit B

# IN THE DISTRICT COURT OF
## MONTGOMERY COUNTY, ALABAMA
### CIVIL DIVISION

| | | |
|---|---|---|
| UNIFUND CCR PARTNERS | * | |
| **PLAINTIFF** | * | |
| | * | |
| V. | * | CASE NO.    DV-2006-2075 |
| | * | |
| DONALD Q FRANKS | * | |
| **DEFENDANT** | * | |

FILED DISTRICT COURT
MONTGOMERY COUNTY
2006 JUL 18 AM 11 12

### ANSWER

**COMES NOW** the Defendant, in his own proper person, and for answer says as follows:

1.    The Defendant denies each and every allegation contained in Count I, and demands strict proof thereof.

2.    The Defendant demands verification of the debt, the name and address of the original creditor.  This request is made pursuant to and addendum contained on the "Statement of Claim" in the above style cause.  The Defendant denies owing the Plaintiff or its original creditor any sum whatsoever.

3.    The Defendant specifically reserves the right to amend this Answer upon receipt of the information request in paragraph 2 of this Answer, and further specifically reserves the right to file any and all counterclaims and/or the right to join other parties proper in this lawsuit.

Respectfully submitted on this the ___18___ day of ___July___, 2006.

Donald Franks
Defendant/Pro Se
4223 Matterhorn Ct
Montgomery, AL 36116
(334) 354-8320

# Exhibit C

## IN THE DISTRICT COURT OF
## MONTGOMERY COUNTY, ALABAMA
### CIVIL DIVISION

UNIFUND CCR PARTNERS      \*
     PLAINTIFF      \*

     \*

V.      \*    CASE NO.    DV-2006-2075

     \*

DONALD FRANKS      \*
     DEFENDANT      \*

     \*

V.      \*

     \*

MARCHANDA LEE FRANKS      \*
     THIRD PARTY DEFENDANT      \*

FILED DISTRICT COURT
MONTGOMERY COUNTY
2006 NOV 7 AM 9 52

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## TO PLAINTIFF

**COMES NOW** the Defendant, Donald Q. Franks, by and through counsel, and propounds interrogatories to the Plaintiff, as follows:

1.      State the complete name, address and telephone number of the person or entity to whom you contend Donald Q. Franks is indebted to pursuant to the allegations contained in your Complaint filed in this action.

2.      State whether or not you are an agent or assignee of the original creditor to whom you assert that Donald Q. Franks is indebted to you pursuant to the allegations contained in your Complaint filed in this action.

3.      If you are an assignee or agent or have any contractual relationship with the original creditor, please state the name, address, and telephone number of the original creditor.

5.      Please state what goods or services did Donald Q. Franks obtain or receive that constitutes the basis or contention that Donald Q. Franks is indebted to you, your principal or

assignor.

6.    Please state the date or dates when Donald Q. Franks entered into any contract or agreement of any kind with you, your principal, or assignor for any reason whatsoever.

7.    What was the subject matter of the contract or contracts or agreement or agreements that exist or existed between you, your principal, or assignor and Donald Q. Franks.

8.    Please state the date or dates that Donald Q. Franks had any transaction with you, your principal, or assignor that you contend obligated Donald Q. Franks for any indebtedness.

9.    Please state whether there are any witnesses that you intend to call at the trial of this case now set for January 29, 2007.

10.    Please summarize briefly the nature of the testimony that you intend to elicit from any of the witnesses listed in paragraph 9 of these interrogatories.

11.    Please state the precise method or transaction that you contend that Donald Q. Franks entered into with you, your principal, or assignor that obligates or obligated Donald Q. Franks to pay you, your principal, or assignor any sum of money. For example, was it a writing that formed the basis of the contract, an oral agreement, or other method.

12.    Were there any witnesses to the transaction or act that Donald Q. Franks committed or entered into that constitute the basis of your claim that Donald Q. Franks is indebted to you, your principal, or assignor.

13.    Please state whether Donald Q. Franks contracted or agreed for payment for goods or services with Unifund UCR Partners or some other person or entity. If affirmative, please state with whom there was contract or agreement with and the place of the transaction that constitutes the basis of your claim against Donald Q. Franks.

14.    Please state with specificity each and every date upon which you have provided

any form of notice by any means, written, telephonic, or by other media to Donald Q. Franks of his indebtedness to you, your principal, or your assignor.

15.    Please state whether you have ever received any document, note, record, correspondence, other writing or other media that you contend originated with Donald Q. Franks that bears any relationship whatsoever to the claim made in your Complaint against Donald Q. Franks.  If affirmative, who has possession of these writings or other media, and please state the name, address, and telephone number of any person that you claim has possession of these writings or other media.

16.    Do you have in your possession or are you aware of any third parties that provided goods and/or services to Donald Q. Franks that constitute the basis of your claim against Donald Q. Franks?

17.    If your answer to question 16 is in the affirmative, please state the name, address, and telephone number of each of the third parties that provided the goods or services to Donald Q. Franks.

18.    Why is Donald Q. Franks indebted to you, your principal or assignor?

20.    Are there any third parties that you are aware of that had any relationship or dealings with or transactions with other than Donald Q. Franks who purchased goods or services on behalf of Donald Q. Franks from you, your principal or assignor?

21.    Do you contend that Donald Q. Franks has made any payments on any balance owed that is the subject matter of your Complaint against Donald Q. Franks?  If affirmative, please state the date of each payment, the amount of each payment and the name and address and telephone number or any person or entity to whom the payment was allegedly made?

22.    Do you contend that Donald Q. Franks had an agent or assignee to whom he

authorized to make purchases or charges for goods or services from you, your principal, or assignor?  If so, how was this authority of Donald Q. Franks communicated to you or your principal or assignor?  If so, please state with specificity the date or dates that you, your principal or assignor received notification of this authority granted by Donald Q. Franks.  To whom did Donald Q. Franks communicate this granting of authority to you, your principal, or assignor?  If so, please state the identity of the person or entity that your contend acted under the authority or Donald Q. Franks, his agent, or principal, or assignee or assignor?  Please include in your answer the name, address, and telephone number of the person to whom the authority was granted to permit the purchasing or charging of goods or services, and further the name of the person or entity who received the notice from Donald Q. Franks, and the method that his was communicated to you, your principal, or agent.

23.    Please state the names, addresses and telephone numbers of all witnesses whom you intend to call for any purpose in the trial of this cause.

29.    Have you been advised that your answers are made under oath, may be used as material testimony in the event of a trial or hearing, and must be updated if your foregoing responses change?

**WHEREFORE** take notice you are obligated to answer these interrogatories and produce your sworn answers at the office of the undersigned counsel within fourteen (14) days of your

receipt of this document, or within the time directed by the Court.

Respectfully submitted this the _____6th_____ day of _____Nov._____, 2006.

_____
Douglas C. Freeman (FRE021)
Attorney for theDefendant
5281 Vaughn Road
Montgomery, Alabama 36116-1104
(334) 264-2000

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the "Defendant's First Set of Interrogatoriess" on Hon. Wendy Z. Johnston, the Plaintiff's attorney, addressed as follows: Zarzaur & Schwartz, PC, P.O. Box 11366, Birmingham, AL 35202.

Done this the _____6th_____ day of _____Nov._____, 2006.

_____
Douglas C. Freeman
Attorney for Defendant

# IN THE DISTRICT COURT OF
## MONTGOMERY COUNTY, ALABAMA
### CIVIL DIVISION

UNIFUND CCR PARTNERS      \*
     PLAINTIFF      \*
     \*

V.      \*      CASE NO.    DV-2006-2075
     \*

DONALD FRANKS      \*
     DEFENDANT      \*
     \*

V.      \*
     \*

MARCHANDA LEE FRANKS      \*
     THIRD PARTY DEFENDANT      \*

FILED DISTRICT COURT
MONTGOMERY COUNTY
2006 NOV 7 AM 9 11

## DEFENDANT'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS FROM PLAINTIFF

**COMES NOW** the Defendant, by and through counsel, and requests production of documents from the Plaintiff as follows:

1. Any and all documents, statements, correspondence, contracts, writings of any kind, sort, nature or description or other media whatsoever in your possession which bears the signature or name of Donald Q. Franks or any identifying information of any kind that you contend supports and/or proves and/or justifies your claim against Donald Q. Franks in the Complaint in this action.

2. Any and all documents or exhibits you intend to introduce at the trial now scheduled for January 29, 2007.

3. Any and all records, correspondence, writings of any kind, or media of any kind which reflect, touch on, or pertain to your claim against Donald Q. Franks.

4.     Any and all records, correspondence, writings of any kind, or media of any kind which reflect, touch on, or pertain to your providing notice of any kind to Donald Q. Franks of the alleged account that you allege in your Complaint that constitutes a basis of any kind, description or nature.

5.     Any and all records, correspondence, writings of any kind, or media of any kind which reflect, touch on, or pertain to any payment made by any person or entity on the account that you allege in your Complaint that Donald Q. Franks is indebted to you, or any assignor that did have an interest in this lawsuit.

6.     Any and all records, correspondence, writings of any kind, or media of any kind which reflect, touch on, or pertain to the assignment of the alleged debt by any person or entity that you contend is the subject of this lawsuit.

**WHEREFORE** take notice you are obligated to produce legible copies of the original records of the foregoing at the office of the undersigned counsel within fourteen (14) days of your receipt of this document.

Respectfully submitted this the _____ day of _____, 2006.

_____

Douglas C. Freeman (FRE021)
Attorney for the Defendant
5281 Vaughn Road
Montgomery, Alabama 36116-1104
(334) 264-2000

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the "Defendant's First Request for Production of Documents From Plaintiff" on Hon. Wendy Z. Johnston, the Plaintiff's attorney, addressed as follows: Zarzaur & Schwartz, PC, P.O. Box 11366, Birmingham, AL 35202.

Done this the _____6th_____ day of ____Nov._____, 2006.

_____

Douglas C. Freeman
Attorney for Defendant

# Exhibit D

# IN THE DISTRICT COURT OF
## MONTGOMERY COUNTY, ALABAMA
### CIVIL DIVISION

UNIFUND CCR PARTNERS          *
    PLAINTIFF          *
              *

V.          *     CASE NO.      DV-2006-2075
              *

DONALD FRANKS          *
    DEFENDANT          *
              *

V.          *
              *

MARCHANDA LEE FRANKS          *
    THIRD PARTY DEFENDANT          *

## THIRD PARTY COMPLAINT

1.    That the Plaintiff, Unifund CCR Partners has filed a complaint against the Defendant, Donald Q. Franks, copy of which is attached hereto and marked Exhibit A.

2.    If the Defendant, Donald Q. Franks, is liable to the Plaintiff in the action for the alleged debt owed to the Plaintiff in Count I of the Complaint, he is liable because of the action of the Third Party Defendant as she, or her agent, is the person who incurred the debt that is alleged that the Defendant owes the Plaintiff. The Third Party Defendant has misrepresented her identity to the Plaintiff, and has committed fraud against the Plaintiff by using his identity and/or likeness of his identity in the incurring of the indebtedness complained of by the Plaintiff to the detriment of the Defendant.

3.    The Defendant and Third Party Defendant were divorced by "Final Decree of Divorce"entered in the Montgomery County Circuit Court, Domestic Relations Division on June 21, 2002, which decree was amended by entry of an "Amended Final Decree of Divorce" entered Montgomery County Circuit Court, Domestic Relations Division July 1, 2002, copies of

FILED DISTRICT COURT
MONTGOMERY COUNTY
2006 NOV 7 AM 9 52

which are attached hereto as Exhibit B.

4.    Both the "Final Decree of Divorce" and the "Amended Final Decree of Divorce" incorporated by reference a "Separation Agreement" duly executed by the Defendant and the Third Party Defendant and filed with the Montgomery County Circuit Court, Domestic Relations Division on or about June 20, 2002, copy of which is attached hereto and marked Exhibit C.

5.    The said "Separation Agreement" provided in pertinent part as follows:

"10.    ASSUMPTION OF INDEBTEDNESS:

a.    The parties further agree that both parties shall assume their individual debts and each shall hold the other harmless therefrom from any individual debts that they have incurred.

b.    Neither party shall hereafter directly or indirectly incur further debts or credit obligations which would obligate the other party, either individually or jointly."

6.    The said "Separation Agreement" further provided in pertinent part as follows:

"12.    ENFORCEMENT OF THIS AGREEMENT:

"Should either party be required to seek legal assistance or initiate litigation in the enforcement of this Agreement , then the party violating said Agreement shall be charged with all of the expenses incurred by the enforcing party, to include attorney's fees and Court costs." A copy of the said "Separation Agreement" is attached hereto and marked Exhibit D.

7.    That the Third Party Defendant is the true party indebted to the Plaintiff in this action by incurring debt without the knowledge or participation or consent or any form of acquiescence whatsoever, and the Third Party Defendant is liable to the Plaintiff for the amount claimed in the Complaint and is further liable to the Defendant for attorney's fees, compensatory

damages in the amount of $1,000.00, and all Court cost incurred by the Defendant.

**WHEREFORE** the Defendant demands judgment against the Third Party Defendant for

all sums that may be adjudged against Defendant in favor of Plaintiff and Defendant's attorney's

fees, compensatory damages in the amount of $1,000.00, and all Court cost incurred by the

Defendant.

Respectfully submitted on this the _____ 7th _____ day of _____ Nov. _____, 2006.

_____
Douglas C. Freeman (FRE021)
Attorney for the Defendant
5281 Vaughn Road
Montgomery, Alabama 36116-1104
(334) 264-2000

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this "Third Party Complaint" with all Exhibits
on Hon. Wendy Z. Johnston, the Plaintiff's attorney, addressed as follows: Zarzaur & Schwartz,
PC, P.O. Box 11366, Birmingham, AL 35202.

Done this the _____ 7th _____ day of _____ Nov _____, 2006.

_____
Douglas C. Freeman
Attorney for Defendant