IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

**DONALD FRANKS,**

      **Plaintiff,**

v.

      Civil Action No.
      2:07-cv-352-MEF

**UNIFUND CCR PARTNERS,**

      **Defendant.**

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO
DEFENDANT'S MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT**

The plaintiff, Donald Franks, by counsel, submits this memorandum in response to the motion filed by the defendant, Unifund CCR Partners, seeking dismissal under Rule 12(b)(6) or summary judgment under Rule 56.

Unifund argues that the plaintiff's claims under §1692g of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692g, involving notice of his right to dispute a debt and to ask Unifund to seek verification of the amount due, should be dismissed. Although the plaintiff disagrees with some of Unifund's analysis of these issues, he agrees that these claims should be dismissed. The Court should, however, deny the remainder of the defendant's motion.

Unifund argues that this Court should dismiss the plaintiff's claims under §1692e(2) and §1692e(10) of the FDCPA because "filing a lawsuit without immediate proof of the claim is not a violation of the FDCPA." Unifund Motion, at 7. Unifund cites *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006), in support of this proposition. Unifund's reliance on *Harvey* is misplaced. In that case, the Sixth Circuit's discussion about the district court decision

which it upheld makes it clear that there are significant differences between that case and the one presently before the Court.  The Sixth Circuit said:

> In holding that [the defendant law firm's] filing of a lawsuit without the immediate means of proving the debt owed did not constitute a deceptive practice, the district court distinguished the case of *Delawder v. Platinum Financial Services Corp.*, No. C-1-04-680, *443 F. Supp. 2d 942, 2005 U.S. Dist. LEXIS 40139 (S.D. Ohio March 1, 2005)*. The district court in *Delawder* upheld claims under *15 U.S.C. § 1692e(10)* in a case where the debt collector allegedly attached a false affidavit to an unsubstantiated debt-collection claim. *2005 U.S. Dist. LEXIS 40139, at \*14-15*. Because Harvey did "not allege that [the defendant law firm] attached a false document to the . . . complaint, nor even that [their] claims regarding the debt were false," the district court in the present case held that Harvey did not state a claim under *15 U.S.C. § 1692e(10)*.

It should also be noted that *Harvey* involved a suit against the law firm representing a debt collector, not against the debt collector itself.  The present defendant is the debt collector, Unifund.  As in the *Delawader* case, cited by the district court in *Harvey* in the passage quoted above, Unifund "attached a false affidavit to an unsubstantiated debt-collection claim."  Also, as in *Delawder*, Mr. Franks has insisted from the beginning that the "claims regarding the debt were false."

Unifund summarizes Mr. Franks's claims that it violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (FDCPA), as follows:

> The Plaintiff has essentially sued Unifund for violations of the FDCPA because Unifund sued him to collect a debt and then agreed to dismiss the lawsuit when it could not locate certain documents requested by Franks in discovery.

Unifund Motion at 10.  This is not a correct statement of the plaintiff's claims.  Unifund is not a defendant in the present action merely because it brought suit against Mr. Franks and lost. Unifund is being sued for violations of the FDCPA because it committed two acts which are clear violations of that Act.

First, as part of its lawsuit against Mr. Franks, Unifund filed an affidavit with the

2

Montgomery County District Court, executed by a Unifund employee, in which that employee claimed under oath that Mr. Franks owed the debt in question. Affidavit of Angela Freckman, ¶3 (Def. Ex. A). The employee asserted that she knew that Mr. Franks owed this debt based on her "personal knowledge of the facts." Id., ¶2. This statement was false because Ms. Freckman did not, in fact, have personal knowledge of the facts. In addition, it was false because Mr. Franks did not owe the debt. These points are discussed in detail and supported by appropriate evidence in the record in the materials filed with this Court by the plaintiff in support of his motion for partial summary judgment (Documents 14 and 15 in this action). Rather than repeat those arguments here, the Court is referred to those documents, which are incorporated here as if fully set forth.

It is undisputed that Unifund submitted Ms. Freckman's affidavit to the Court in an effort to collect a debt from Mr. Franks. As demonstrated in the materials previously submitted to the Court, this affidavit contained false, deceptive and misleading statements. Unifund's argument that "Plaintiff has no evidence, other than conclusory allegations in the Complaint, that any conduct by Unifund was false, deceptive, or misleading", Unifund Motion at 10, is, therefore, incorrect. The use of Ms. Freckman's affidavit was a violation of the FDCPA. 15 U.S.C. §1692e(2), §1692e(10).

There is an additional claim made by Mr. Franks which Unifund's motion refers to briefly but does not address. In his Complaint, Mr. Franks alleged that Unifund reported his alleged debt to various credit reporting agencies without noting that it was disputed, despite the fact that Unifund was aware of that dispute, in violation of 15 U.S.C. §1692e(8). This point is also addressed in detail in the plaintiff's motion for partial summary judgment, and the Court is again referred to that motion and the supporting documents for argument and evidence

3

demonstrating Unifund's actions with regard to this claim. As the plaintiff's summary judgment motion demonstrates, Unifund also violated this section of the FDCPA.

**Conclusion**

For the foregoing reasons, this Court should deny Unifund's motion to dismiss his Complaint or for summary judgment, except as to the claims under §1692g. As demonstrated in his own motion for partial summary judgment, this Court should instead grant the plaintiff summary judgment against Unifund on the issue of liability and permit the parties to proceed on the issue of the amount of damages which should be awarded.

        Respectfully submitted,

        DONALD FRANKS
        Plaintiff
        By Counsel

s/ *Edward M. Wayland*
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2007, I filed a true copy of the foregoing Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss or for Summary Judgment with the Court using the CM/ECF electronic filing system, which will automatically forward a copy to counsel for the defendant.

s/ *Edward M. Wayland*
Edward M. Wayland